**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NAARON DUNBAR,

                                        Plaintiff,

       v.                                                    8:19-CV-524
                                                                  (LEK/CFH)

ONONDAGA COUNTY; CHAD PICOTTE, Police
Officer, Badge #0342; JOSEPH MORAN, Police
Officer, Badge #0217,

                                        Defendants.

---

**APPEARANCES:**

Naaron Dunbar
17-B-2243
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

    Plaintiff pro se Naaron Dunbar commenced this action on May 2, 2019, with the filing of a complaint and an application to proceed in forma pauperis ("IFP). Dkt. No. 1 ("Compl."), Dkt. Nos. 2-4. After reviewing plaintiff's application, the undersigned concludes that plaintiff may properly proceed IFP for purposes of filing. The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

2

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355

(N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Allegations in Complaint

Plaintiff purports to bring this action pursuant to 42 U.S.. § 1983 for violations of his civil rights.  Compl. at 1.  Plaintiff provides that he is a pretrial detainee.  Id. at 2. Plaintiff's complaint indicates that on August 5, 2016, he was "stoped [sic] at gun point at the vincent apartment complex," "was placed in cuffs and assaulted at gun point," and "was then searched and charged with menacing and cpw." Id. at 4.  After four

4

days, plaintiff "was charged w/ more charges." Id. Plaintiff states that he "was stoppd [sic] because the officers said I was pointed out." Id. Plaintiff believes that this is "false" and states that he "was searched illegaly [sic] and humiliated in front of my family." Id. He also contends that "[t]he officers used false documents for my arrest." Id. Plaintiff alleges claims of "racial profiling," stating that he "Was told that I fit the description of somebody at the vincent apartments"; "excessive force" because he "was stoped [sic] at gun point and assaulted," resulting in injury to his arm and back; and denial of due process" because he "wasn't given a fair chance to fight my charges because my attorney & Judge. My attorney wasn't advising me properly." Id. at 5. Plaintiff requests "to be released and indictment vacated." Id.

### C. Analysis of Complaint

#### 1. Heck v. Humphrey

Plaintiff appears to seek to bring claims for false arrest, false imprisonment, and, potentially, malicious prosecution. See generally Compl. To the extent plaintiff seeks to bring such claims, they are barred by Heck.

In Heck v. Humphrey, the Supreme Court of the United States created a jurisdictional prerequisite to civil suits brought under 42 U.S.C. § 1983:

> [i]n order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance for a writ of habeas corpus. A claim

5

> for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizant under § 1983.

Heck v. Humphrey, et al., 512 U.S. 477, 486-87 (1994).

Here, plaintiff indicates that he has been indicted and that he is a pretrial detainee. He also provides that he was charged with "menacing and cpw and "was charged w/ more charges." Compl. at 5. Thus, it is clear that plaintiff has been criminally charged as a result of the arrest and has been indicted. Id. It appears that he is awaiting trial. Id. Were the Court to find in plaintiff's favor on his apparent false arrest, false imprisonment, and malicious prosecution claims, it would necessarily invalidate the charges, indictment, or any potential conviction that may result. Thus, plaintiff's claims are barred by Heck unless and until he can show that the charges have been vacated, that he has been acquitted, or that any conviction that may eventually result has been overturned or otherwise has been declared invalid by a court of law.

Plaintiff also purports to raise due process violations. He appears to contend that his attorney did not properly advise him. First, were this Court to conclude that plaintiff's due process rights were violated in connection with his arrest, arraignment, or presentation to the grand jury, it would necessarily invalidate any conviction that may result. Accordingly, such due process claim would be barred by Heck unless and until he can show that the charges have been vacated, that he has been acquitted, or that any conviction that may eventually result has been overturned or otherwise has been declared invalid by a court of law.

Further, to the extent plaintiff is raising claims regarding representation by his

6

attorney pursuant to § 1983, the undersigned concludes that such claims are futile. "Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983." Kunz v. Brazill, 6:14-CV-1471 (MAD/TWD), 2015 WL 792096, at *7 (N.D.N.Y. Feb. 25, 2019)[1] (citing Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted)).  Insofar as plaintiff is attempting to raise a claim contending he received ineffective assistance of counsel, such claim must be brought as a habeas corpus proceeding.[2]  As plaintiff's ineffective assistance of counsel claim seems to challenge his representation relating to the underlying arrest and resulting confinement, the undersigned notes that "a habeas petition is the appropriate vehicle by which to request relief from illegal confinement." Ingram v. Herrick, 475 F. App'x 793, 794 (2d Cir. 2012) (summary order).

### 2.  Excessive Force

Plaintiff's assertion that defendants subjected him to excessive force during his arrest is not barred by Heck, as "it would not implicate his judgments of conviction." Palmenta v. Blank, No. 3:18-CV-1078 (SRU), 2018 WL 4516676, at *4 (D. Conn. Sept. 20, 2018) (citing Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2014).  "To

---

[1] The Court has provided plaintiff copies of any unpublished cases cited within this Report-Recommendation & Order.

[2] As stated above, to the extent that plaintiff attempts to set forth a legal malpractice claim against Mr. Kelly, such claim is barred by the three-year statute of limitations. See supra, at 6.

7

establish a Fourth Amendment excessive force claim, [a plaintiff] must show that the force used by the defendants was 'objectively unreasonable.'" Palmenta, 2018 WL 4516676, at *4 (citing Graham v. Connor, 490 U.S. 386, 397 (1989)).[3]  To the extent that plaintiff argues that defendants "stoped [sic] him at gun point," defendants' actions of "merely drawing weapons when effectuating an arrest [do] not constitute excessive force as a matter of law." Dunkelberger v. Dunkelberger, No. 14-CV-3877 (KMK), 2015 WL 5730605, *15 (S.D.N.Y. Sept. 30, 2015) (citing Cabral v. City of New York, No. 12-CV-4659, 2014 WL 4636433, at *11 (S.D.N.Y. Sept. 17, 2014)).[4]  However, plaintiff also appears to contend that he was "assaulted" and that his "arm still goes numb & [his] back hurts a lot [sic]." Compl. at 5. "[T]he Second Circuit has held that even minor injuries, including scrapes and bruises, can support an excessive-force claim." Matthews v. City of New York, 889 F. Supp. 2d 418, 442 (E.D.N.Y. 2012).  Although plaintiff's complaint lacks detail about the alleged excessive force surrounding the arrest and how he sustained injury to his arm and back, at this early stage in the litigation, plaintiff has adequately "pleaded factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Accordingly, the undersigned concludes that plaintiff's allegations are sufficient to establish a plausible Fourth

---

[3]  See Porath v. Bird, No. 9:11-CV-963 (GLS/CFH), 2013 WL 2418253, at *16 ("If excessive force was allegedly used before arraignment, the Fourth Amendment standards govern.") (citing Graham v. Connor, 490 U.S. 386, 394 (1989)).

[4]  Insofar as plaintiff suggests that defendants approached him without reasonable suspicion or arrested him without probable cause, the undersigned again notes that such claims would be barred by Heck unless plaintiff demonstrates that his criminal conviction was either overturned or otherwise expunged.  See Heck, 512 U.S. at 486-87.

Amendment excessive force claim, and it is recommended that plaintiff's Fourth Amendment excessive force claim be permitted to proceed.

### 3. **Monell Claims**

Plaintiff names as a defendant Onondaga County. It is well settled law that "a municipality cannot be held liable solely on a theory of respondeat superior." Anderson v. Cnty. of Nassau, 297 F. Supp. 2d 540, 546 (E.D.N.Y. 2004). "Local governments are only responsible for their own illegal acts and are not vicariously liable for their employees' actions under a theory of respondent superior." Waller v. City of Middletown, 89 F. Supp. 3d 279, 284 (D. Conn. 2015) (citation omitted). A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," and is liable only when it actually deprives, through the execution of its policies, an individual of his constitutional rights. Monell v. Dep't of Soc. Services, 436 U.S. 658, 694 (1978). Official municipal policy, which "includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices so persistent and widespread as to practically have the force of law," must be "the moving force" behind the violation. Connick v. Thompson, 563 U.S. 51, 59 n.5, 61 (2011). Thus, "'[a] municipality or other local government may be liable under [Section 1983] if the government body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.'" Id. (quoting Connick v. Thompson, 563 U.S. 51 (2011)). "Therefore, to state a Section 1983 claim against a municipality, a plaintiff is required to plead a violation of a federally protected right that was caused by the

9

municipality's official policy or custom, or by a decision of a policymaker with final policymaking authority." Id. (citing Monell, 436 U.S. at 692). Thus, "in order to establish municipal liability, plaintiff must establish that an identified municipal policy was the 'moving force [behind] the constitutional violation.'" Plair v. City of New York, 789 F. Supp. 2d 459, 468 (S.D.N.Y. 2011) (quoting Monell, 436 U.S. at 694) (emphasis added)). Further, the "failure to train or supervise [municipal] employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the [municipal] employees interact.'" Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted).

Plaintiff's complaint fails to identify, let alone explain, the existence of a municipal policy or custom or a failure to train that lead to the violation of his constitutional rights nor has he provided any factual support to suggest that a municipal policy was the "moving force" behind any alleged constitutional violation. Plair, 789 F. Supp. 2d at 468. His mere inclusion of Onondaga County as a defendant in the caption does not suffice to set forth a Monell claim. Accordingly, it is recommended that plaintiff's Monell claim against Onondaga County be dismissed without prejudice and with opportunity to amend as the current complaint fails to set forth a colorable Monell claim.

### 4. **Official Capacity Claims**

Plaintiff's complaint does not specify whether he intends to bring claims against the individual defendants in their individual or official capacities. See generally Compl.

To the extent that plaintiff seeks to bring his claims against defendants Picotte and Moran in their official capacities, this District has held that "'claims against municipal officers in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant.'" Wallikas v. Harder, 67 F. Supp. 2d 82, 83 (N.D.N.Y. Oct. 25, 1999) (citing Busby v. City of Orlando, 931 F.2d 764, 766 (11th Cir. 1991)).  This is because "[t]he real party in interest in an official capacity suit is the governmental entity and not the named official." Booker v. Bd. of Educ., Baldwinsville Cent. Sch. Dist., 238 F. Supp. 2d 469 (N.D.N.Y. 2002) (citing Union Pac. R.R. v. Vill. of S. Barrington, 598 F. Supp. 1285 (N.D. Ill. 1997)). Moreover, this District has held that "'claims against municipal officers in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." Wallikas v. Harder, 67 F. Supp. 2d 82, 83 (1999) (citing Busby v. City of Orlando, 931 F.2d 764, 766 (11th Cir. 1991)).  Because plaintiff appears to have commenced this action against the individual defendants in their official capacities, it is recommended that plaintiff's official claims be dismissed with prejudice.

### IV.  Conclusion

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's Motion to Proceed In Forma Pauperis (dkt. no. 2) is **GRANTED**, and it is

**RECOMMENDED**, that the following claims be **DISMISSED without prejudice**

11

pursuant to Heck v. Humphrey: false arrest, false imprisonment, malicious prosecution, and due process; and it is further

**RECOMMENDED**, that plaintiff's Fourth Amendment excessive force claim proceed; and it is further

**RECOMMENDED**, that, insofar as plaintiff seeks to bring claims against the individual defendants in their official capacities, such claims be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED** as against Onondaga County, but that the dismissal be **without prejudice and with opportunity to amend** should plaintiff be able to demonstrate a Monell claim against Onondaga County; and it is further

**RECOMMENDED**, that, if the District Judge permits plaintiff an opportunity to amend his complaint, plaintiff be given **thirty (30) days** from the date of the District Judge's Order adopting this Report-Recommendation & Order to file an amended complaint, and if plaintiff does not file an amended complaint within that thirty- (30) day time period, the Clerk of the Court is to return this case to the Magistrate Judge for service of the original complaint and summonses; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall

be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[5]

Dated: May 7, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).

be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[5]

Dated: May 7, 2019
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).