**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NAARON DUNBAR,**

                **Plaintiff,**

                                        **ANSWER TO PLAINTIFF'S**
                                        **COMPLAINT**

   **v.**

                                          **Civil Action No.: 8:19-cv-00524**
                                                        **(LEK/CFH)**

**CHAD PICOTTE and JOSEPH MORAN,**

                                        **JURY TRIAL**
                                        **DEMANDED**

                **Defendants.**
_____

      Defendants **CHAD PICOTTE** and **JOSEPH MORAN** (collectively "Defendant Officers"

or "Defendants"), by and through their attorney, KRISTEN E. SMITH, ESQ. CORPORATION

COUNSEL OF THE CITY OF SYRACUSE, Leigh A. Lieberman, Esq., Assistant Corporation

Counsel, Of Counsel, answers the Plaintiff's Complaint in accordance with the District Court's May

29, 2019 Decision and Order (*see* Dkt. No. 6)—adopting the Order, Report and Recommendation

of U.S. Magistrate Judge Christian F. Hummel (*see* Dkt. No. 5).  On May 29, 2019, Senior U.S.

District Court Judge Lawrence E. Kahn ordered that:

> "the following claims are **DISMISSED** without prejudice pursuant to Heck
> v. Humphrey: false arrest, false imprisonment, malicious prosecution, and
> violation of due process; and it is further ORDERED, that Plaintiff's **Fourth**
> **Amendment excessive force claims SURVIVES initial review**; and it is
> further ORDERED, that insofar as Plaintiff seeks to bring claims against
> Defendants in their official capacities, such claims are **DISMISSED with**
> **prejudice**; and it is further ORDERED… If Plaintiff does not file an
> amended complaint within that thirty-day period, the Clerk of the Court is to
> return this case to the Magistrate Judge for service of the original complaint
> and summonses.  Dkt. No. 6, text order (emphasis supplied).

Plaintiff did not replead within the requisite period, and, therefore, all other parties and claims have been terminated. *See* Dkts. No. 7 and 8. Thus, Defendants are only required to answer those allegations as they relate to the solitary remaining Fourth Amendment claim against Defendants. *See* Dkt. No. 6. Each and every allegation remaining in the Complaint (*see* Dkt. No. 1) outside of the Court's order are, therefore, expressly **DENIED** by Defendants. As to the remainder of Plaintiff's Complaint, Defendants answer:

<u>**LEGAL BASIS FOR COMPLAINT**</u>

1. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Section I, "LEGAL BASIS FOR COMPLAINT," on CM/ECF numbered page 1 of 5[1] of the Complaint herein;

<u>**PLAINTIFF(S) INFORMATION**</u>

2. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Section II, "PLAINTIFF(S) INFORMATION," on CM/ECF numbered page 2 of 5 of the Complaint herein;

<u>**DEFENDANT(S) INFORMATION**</u>

3. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Section III, "DEFENDANT(S) INFORMATION," "Defendant No. 1" on CM/ECF numbered page 2 of 5 of the Complaint herein;

4. Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in Section III, "DEFENDANT(S) INFORMATION," "Defendant No. 2" on CM/ECF numbered pages 2 through 3 of 5 of the Complaint herein;

---

[1] The page numbers referred to in the entirety of this Answer are not the numbers in the form at the bottom of the page, but the page numbers in the "header," input by CM/ECF upon electronic filing. (*See* Dkt. No. 1).

## STATEMENT OF FACTS

5.      Defendants **DENY** the allegations contained in Section IV, "STATEMENT OF FACTS," on CM/ECF numbered pages 3 through 4 of 5 of the Complaint herein;

## STATEMENT OF CLAIM(S)

6.      Defendants **DENY** the allegations contained under the heading of "SECOND CLAIM" in Section V, "STATEMENT OF CLAIM(S)," on CM/ECF numbered page 5 of 5 of the Complaint herein;

## RELIEF REQUESTED

7.      Defendants **DENY** the allegations contained in Section VI, "RELIEF REQUESTED," on CM/ECF numbered page 5 of 5 of the Complaint herein.

## GENERAL DENIAL

8.      Defendants **DENY** all other allegations not specifically admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

9.      Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of the Defendants;

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

10.      Some or all of the Plaintiff's claims for compensatory and punitive damages are barred by applicable state and federal law;

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

11.      Plaintiff has failed to state a claim upon which relief may be granted; any claims for punitive damages violate provisions of the Constitution of the United States ("US") and the State of

New York;

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

12.     To the extent that the Plaintiff seeks punitive or exemplary damages within his Complaint against the individual Defendants in their official capacity, such claims should be dismissed as improper;

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

13.     Plaintiff has failed to state a claim upon which relief may be granted;

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

14.     Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a claim;

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

15.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations;

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

16.     Some or all of Plaintiff's causes of action are barred by his failure to comply with §§50-e, 50-h and 50-i—and generally Article IV—of  the GENERAL MUNICIPAL LAW, and/or the Syracuse City Charter § 8-115;

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

17.     To the extent Plaintiff has failed to mitigate his damages, his claims for damages are diminished or barred;

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

18.    Some or all of the damages alleged in the complaint are barred and/or subject to the

qualifications and limitations of the provisions of Section 4545 of the CPLR;

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

19.    Some or all of the Plaintiff's claims are barred because the Plaintiff failed to exhaust

his administrative remedies and/or meet conditions precedent to the commencement of this action as

required by law;

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

20.    Any and all acts of Defendants and any agents or employees of the City were justified

and in accordance with the law;

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

21.    Any alleged violation of Plaintiff's US or New York State Constitutional rights was

not the proximate cause of Plaintiff's injuries and/or damages;

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

22.    Any and all actions done by Defendants as agents of the City in arresting, detaining,

and searching Plaintiff were done in good faith, with probable cause and without malice;

23.    Upon information and belief, the force and methods allegedly used by Defendants in

arresting, detaining, and searching Plaintiff were not performed for the purpose or intention of causing

any harm to, or oppress, Plaintiff;

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

24.     Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendants in the alleged constitutional violations;

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

25.     Any and all force or methods used by Defendants were privileged, reasonable, and necessary;

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

26.     Defendants acted at all times with probable cause in any alleged search and seizure of Plaintiff's person, property, and/or residence;

27.     Furthermore, Defendants at all times acted reasonably and legally, under the US Constitution and New York State Constitution, in any alleged search and seizure of Plaintiff's person, property, and residence;

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

28.     Upon information and belief, Plaintiff has waived any and all claims related to the legality of any alleged search and/or seizure of his person, property, and/or residence;

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

29.     At all times relevant to this action, all acts of Defendants were justified and in accordance with the discharge of their lawful responsibilities;

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

30.     Upon information and belief, the Complaint fails to state specific acts of conduct

attributable to the Defendants that gives rise to liability pursuant to 42 U.S.C. §1983;

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

31.     Plaintiff's injuries and/or damages, if any, were neither caused by, nor causally related to any act or omission of Defendants;

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

32.     Upon information and belief, if Plaintiff obtains any recovery in this action against the Defendants, such recovery and liability against the Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of the Defendants to Plaintiff for non-economic loss shall be limited to the Defendants' equitable share of the culpable conduct causing or contributing to the total liability for the non-economic loss of the Plaintiff, if any;

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

33.     Upon information and belief, Plaintiff may have, or might in the future, reach agreements and/or settlement with other nonparty tortfeasors and in the event of such circumstances, will be obligated to immediately disclose the same to the Defendants at which time the Defendants will have the right to set-off any and all other available relief pursuant to General Obligations Law §15-108;

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

34.     If the Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by a third party acting outside the scope of his employment;

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

35.     Any and all acts of the Defendants and/or any agents or employees of the City of

Syracuse are protected by qualified immunity;

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

36.     Any and all acts of the Defendants and/or any agents or employees of the City of

Syracuse are protected by absolute immunity;

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

37.     Defendants' actions were not motivated by evil motive or intent and were not

performed with reckless or callous indifference to Plaintiff's state and/or federally protected rights,

or the general public's rights and safety;

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

38.     Defendants' actions were not malicious, willful, wanton, reckless, grossly negligent,

or extreme and outrageous;

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

39.     Demand is made for a jury trial on all issues;

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

40. Plaintiff's action is barred by res judicata and/or collateral estoppel;

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

41.     Upon information and belief, Defendants' statements were honest, truthful, not

fabricated, and so did not violate any U.S. or New York State Constitutional rights of Plaintiff;

42.     Furthermore, upon information and belief, Defendants never conducted a search of

Plaintiff's body parts which he alleges in his Complaint;

43.     Furthermore, upon information and belief, Defendants' did not offer allegedly

fabricated documents but authentic and licitly procured evidence, and so did not violate any U.S. or New York State Constitutional rights of Plaintiff.

44.     Furthermore, upon information and belief, Defendants at all times followed legal, proper, and reasonable investigative and search procedures in the collection of evidence and arrest of Plaintiff, and so did not violate any U.S. or New York State Constitutional rights of Plaintiff;

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

45.     Upon information and belief, Defendants' actions were in the course of their duties, were justified and in accordance with the law and not for any retaliatory and/or retributive purpose, and so did not violate any U.S. or New York State Constitutional rights of Plaintiff;

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

46.     If Plaintiff sustained any damages as alleged in the Complaint through any acts or omissions other than those of Plaintiff, such damages were caused solely by the negligence and/or culpable conduct of a third person or persons over whom the Defendants had no control and without negligence and/or culpable conduct on the part of the Defendants;

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

47.     Plaintiff's claims of excessive force are barred for failure to plead or establish non-*de minimis* injuries that are objectively sufficiently serious or harmful enough to be actionable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

48.     Plaintiff's own negligent and/or culpable conduct was the actual and proximate cause of Plaintiff's alleged injuries and/or damages;

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE,

**DEFENDANTS ALLEGE AS FOLLOWS**

49.     Plaintiff's claims are barred to the extent that Plaintiff's injuries and/or damages were caused or contributed to, in whole or in part, by intervening and superseding causative factors;

**AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS**

50.     Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendants in the alleged constitutional violations;

**AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS**

51.     Upon information and belief, any search of Plaintiff performed incident to his arrest—and those forces and methods utilized—was performed licitly and constitutionally;

52.     Moreover, upon information and belief, Plaintiff was reasonably suspected and believed to be in possession of a weapon and/or other contraband at the time of his arrest, detention, and search;

53.     Furthermore, upon information and belief, Plaintiff was reasonably believed and suspected to be a legitimate public safety risk to Defendants, fellow officers, and the general public at the time of his arrest;

**AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

54.     Upon information and belief, neither Defendant—under the circumstances—had a duty to intervene to protect the constitutional rights of Plaintiff because Plaintiff's rights were not violated;

**AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

55.     Upon information and belief, any Defendant who may be alleged to have failed to

protect Plaintiff would have had no reasonable opportunity to intercede on Plaintiff's behalf;

56.     Furthermore, upon information and belief, any Defendant who may be alleged to have failed to protect Plaintiff did not possess actual and/or constructive knowledge of the use of excessive force by another law enforcement officer as alleged by Plaintiff;

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

57.     Upon information and belief, Defendants did not intentionally place Plaintiff in fear of imminent harmful or offensive contact;

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

58.     Upon information and belief, Defendants did not intentionally have wrongful physical contact with Plaintiff;

59.     Furthermore, upon information and belief, any contact between Defendants and Plaintiff was not offensive and was privileged, reasonable, and necessary;

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

60.     Plaintiff, without legal right, obstructed governmental administration, resisted lawful arrest, and harassed Defendants, and thus is responsible for all injuries caused by that resistance.

61.     Defendants reserves the right to raise additional defenses, which may become known during further investigation and discovery in this case;

**WHEREFORE**, Defendants demand judgment dismissing the Complaint with costs, disbursements, attorney's fees and for such other and further relief as to the Court may deem just and proper.

Dated: November 27, 2019

KRISTEN E. SMITH, ESQ.
CORPORATION COUNSEL
OF THE CITY OF SYRACUSE
*Attorney for Defendants*

By:

Leigh A. Lieberman, Esq.
Assistant Corporation Counsel
Of Counsel
Bar Roll No. 515113
300 City Hall
Syracuse, New York 13202
Tel: (315) 448-8400
Fax: (315) 448-8381
Email: llieberman@syrgov.net

TO:    Naaron Dunbar
       17B2243
       Riverview Correctional Facility
       P.O. Box 158
       Ogdensburg, New York 13669
       *PRO SE*

<u>CERTIFICATE OF SERVICE</u>

I declare under the penalty of perjury that I served the foregoing **Answer to Plaintiff's**

**Complaint** on the below-listed *pro se* Plaintiff by regular mail on November 27, 2019:


      Naaron Dunbar
      17B2243
      Riverview Correctional Facility
      P.O. Box 158
      Ogdensburg, New York 13669


Dated: November 27, 2019             KRISTEN E. SMITH, ESQ.
       Syracuse, New York           CORPORATION COUNSEL
                                     OF THE CITY OF SYRACUSE


By:_____
            Leigh A. Lieberman, Esq.
            Assistant Corporation Counsel
            Bar Roll No. 515113
            *Attorney for Defendants*
            300 City Hall
            233 East Washington Street
            Syracuse, New York 13202
            Tel: (315) 448-8400
            Fax: (315) 448-8381
            E-Mail:  llieberman@syrgov.net