UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAARON DUNBAR,

                          Plaintiff,

        -against-                                    8:19-CV-0524 (LEK/CFH)

ONONDAGA COUNTY, et al.,

                          Defendants.

_____

**DECISION AND ORDER**

**I.    INTRODUCTION**

        Pro se plaintiff Naaron Dunbar ("Plaintiff") brought this action under 42 U.S.C. § 1983

alleging false arrest, false imprisonment, malicious prosecution, excessive force, and due process

violations by police officers Chad Picotte and Joseph Moran ("Defendants"). See Dkt. No. 1

("Complaint"). After a sufficiency review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B),

only Plaintiff's Fourth Amendment excessive force claims against Picotte and Moran were found

to survive sua sponte review. See Dkt. Nos. 5, 6. Plaintiff's other claims, including all claims

against Onondaga County were dismissed. Id.

        On December 30, 2019, an initial pretrial conference was held and the parties were

directed to exchange initial disclosures within sixty days. Dkt. Entry dated December 30, 2019;

Dkt. No. 27. On February 21, 2020, Defendants requested that the Court remind Plaintiff of the

need to provide initial disclosures to Defendants. Dkt. No. 28. The Court ordered Plaintiff to

respond by March 12, 2020. Dkt. No. 29. On March 13, 2020, Defendants informed the Court

that they had not yet received initial disclosures from Plaintiff. Dkt. No. 30.

On May 18, 2020, the Court held a Discovery Hearing. Dkt. Entry dated May 18, 2020. The Court advised Plaintiff that he must either produce discovery or send a letter to defense counsel advising that no discovery documents exist. Id. The Court directed Plaintiff to comply within 15 days. Id. On June 9, 2020, Defendants filed a letter noting that they had still not received initial disclosures and requesting "permission to set up another conference to set deadlines for fiing (sic) a motion to dismiss for failure to prosecute." Dkt. No. 39. The Court attempted to hold such a conference on June 24, 2020, however, Plaintiff did not appear, and the Court was informed that Plaintiff was in the infirmary. Dkt. Entry dated June 24, 2020. The conference was rescheduled for July 13, 2020. Dkt. No. 46. On July 1, 2020, Defendants received Plaintiff's mandatory disclosures, but described them as incomplete with missing pages. Dkt. 69-1 at 5.

At the July 13, 2020 discovery conference, Defendants stated that they were still waiting for Plaintiff to sign authorizations for medical and police records, but Plaintiff denied ever receiving those releases. Dkt. Entry dated July 13, 2020. The Court directed Defendants to re-send Plaintiff the needed authorizations and to inform the Court if the signed releases were not received within three weeks from Plaintiff. Id. On August 13, 2020, Defendants informed the Court that they had still not received the releases. Dkt. No. 48.

At an August 25, 2020 conference, Plaintiff informed the Court that he had not returned the authorizations because he had been prevented from accessing a notary. Dkt. Entry dated August 25, 2020. The Court directed Plaintiff to immediately sign and return his medical authorizations, which did not require a notary, and to endeavor to provide the notarized authorizations for his criminal/DOCCS records. Id. On November 13, 2020, Defendants

requested a 90-day extension of the remaining deadlines, Dkt. No. 55, and the Court reset the Discovery Deadline to January 15, 2021, Dkt. No. 56.

On November 20, 2020, Plaintiff was served with Rule 33 and 34 interrogatories and demands. Dkt. No. 57. On January 4, 2021, Defendants noted that Plaintiff had failed to respond within the allocated thirty days and requested an order directing Plaintiff to respond to the Rule 33 and 34 interrogatories and demands. Dkt No. 58. Defendants also sought an extension of the discovery deadline to March 16, 2021. Id. At a January 21, 2021 conference, the Court advised Plaintiff that Defendants would resend interrogatories and document requests and directed Plaintiff to respond by February 12, 2021. Plaintiff was again served with Rule 33 and 34 interrogatories and demands. Dkt. No. 64.

On February 16, 2021, Defendants informed the Court that they had still received no response to their interrogatories and demands, and requested that the Court schedule a conference to set a deadline for a motion to dismiss for failure to prosecute. Dkt. No. 65. On February 17, 2021, Defendants received from Plaintiff an "Authorization to Permit Interview of Treating Physician by Defense Counsel," but with "no name of treating provider filled in." Dkt. No. 69-1 at 7. They also received authorizations for Workers' Compensation Information and Unemployment Records . . . with no Social Security Number filled in." Id. The authorizations were notarized on December 9, 2020 but not mailed until February of 2021. Id.

The Court held a conference on March 1, 2021, and there granted Defendant's request to file a Motion to Dismiss. Dkt. Entry dated March 1, 2020. The Court set a deadline of April 2, 2021 for Defendant to file their motion and a deadline of April 19, 2021 for Plaintiff's response. Id. Plaintiff was reminded that failing to abide by Court orders and case deadlines may result in

3

sanctions including dismissal of the case. Id.; Dkt. No. 68. Plaintiff never filed a response. On

November 17, 2021, the Court directed Defendants to advise the Court of any discovery

responses received from Plaintiff since the filing of Defendant's Motion. Dkt. No. 70.

Defendants informed the Court that they had received no further discovery materials. Dkt. No.

71.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its

discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to

comply with the procedural rules or orders of the court. Link v. Wabash R.R. Cnty. Indep. Sch.

Dist., 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve

orderly and expeditious disposition of cases. See Freeman v. Lundrigan, No. 95-CV-1190, 1996

WL 481534, *1 (N.D.N.Y. Aug. 22, 1996).

In considering whether dismissal of an action for failure to prosecute is warranted, a

district court must consider the following factors, none of which are dispositive: (1) whether "the

plaintiff's failure to prosecute caused a delay of significant duration"; (2) whether "plaintiff was

given notice that further delay would result in dismissal; (3) whether "defendant was likely to be

prejudiced by further delay"; (4) "the need to alleviate court calendar congestion . . . balanced

against plaintiff's right to an opportunity for a day in court"; and (5) "the efficacy of lesser

sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)

(citations omitted).

The Court has carefully considered the five factors relevant to the dismissal of an action

for failure to prosecute under Fed. R. Civ. P. 41(b), and has concluded that they weigh decidedly

in favor of the dismissal of this action. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). As a result of Plaintiff's delays in submitting complete initial disclosures and responses to interrogatories and demands, discovery is still not complete more than a year after the original deadline. While the Court recognizes the challenges inherent in pursuing litigation while incarcerated, Plaintiff has failed to communicate with Defendants or the Court in over eight months, and has now failed to comply with the Court's most recent order for over nine months.[1] Plaintiff has been prompted numerous times to provide the required discovery materials, and has received explicit notice that this case could be dismissed if he continued to fail to comply. See Dkt. No. 68.

Furthermore, the Court finds that Defendants may be prejudiced by further delay in the proceedings. See Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). In addition, in light of Plaintiff's failure to indicate an intention to comply with the Court's orders or request additional time in which to do so, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to comply. Lastly, the Court has carefully considered less drastic sanctions and has found them to

---

[1] See N.D.N.Y. Local Rule 41.2(a) (unless a date has been set for pretrial proceedings or for trial, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

be inadequate under the circumstances. Nevertheless, in light of Plaintiff's pro se status, the Court directs that the dismissal of this action be without prejudice.[2]

## III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED** that this action is **DISMISSED** without prejudice due to Plaintiff's failure to comply with the Court's Orders and prosecute this action, and the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      November 23, 2021
                  Albany, New York

LAWRENCE E. KAHN

United States District Judge

---

[2]  Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

6